UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAH SPENCEREL,

              Plaintiff,

-against-

CORCORAN; ZILLOW,

              Defendants.

24-CV-1868 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Abdullah Spencerel, a Bronx resident who is appearing *pro se*, brings this action titled as a "notice of motion for ejectment N.Y. RPP § 123." He names as Defendants Corcoran, which the Court understands to be the Corcoran Group, a New York real estate company; and Zillow, an online real estate database, with headquarters in Seattle, Washington.[1] By order dated March 13, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

---

[1] *Zillow, How To Contact Us*, https://perma.cc/E3TS-QHU9.

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns Plaintiff's alleged ownership of real property located at 432 W. 162nd Street, New York, New York (the "New York Property"). Plaintiff alleges that in 2008, following his arrest, he vacated the New York Property, and the Defendants "[took] my property, refurbished it, and have placed it on the market for sale for an exorbitant price without my legal consent."[2] (ECF 1, at 2.) Plaintiff "told these companies in 2008 to cease and desist with their depredations, but they have continued with such violations." (*Id.*) He claims that in 2013, a Manhattan judge awarded him title of the property. (*Id.*)

Plaintiff seeks assistance from the court "to enable me for a safe re-entry into said property unhindered by said trespassers defendants and local police authorities." (*Id.* at 3.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

Because Plaintiff invokes New York State law as a basis for his claims, the Court construes the complaint as invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Cap. Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

The complaint suggests that the parties are not diverse because Plaintiff states that he is a citizen of New York, and he sues the Corcoran Group, a New York real estate company. The Court therefore cannot exercise diversity jurisdiction of Plaintiff's claims.

## LEAVE TO REPLEAD

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass' n*, 815 F.2d 240, 243 (2d Cir. 1987). If Plaintiff has reason to believe that Zillow is not a citizen of New York, and he wishes to pursue a state law claim against Zillow in federal court rather than in state court, he may submit an amended complaint naming Zillow as the sole defendant and state facts showing that Zillow violated his rights with respect to his alleged ownership of the New York Property, in an amount that exceeds $75,000.00. In such an amended pleading, Plaintiff must allege facts showing Zillow's actual involvement in denying Plaintiff access to his property. Finally, as Plaintiff's complaint indicates that the most recent events transpired in 2013, Plaintiff should provide a recent timeline of events and state why he believes this action is timely.

In the alternative, should Plaintiff prefer to proceed in state court, Plaintiff is not required to file any further submissions in this federal court, and within 30 days, the Court will direct the Clerk of Court to enter judgment in this action, without prejudice to any state court action Plaintiff pursues.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court denies Plaintiff's motion for summary judgment (ECF 4) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 29, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge